

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2009 SEP 22 AM 9: 14

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELONY**

**BILL OF INFORMATION FOR WIRE FRAUD**

**09-304**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. |
| v. | * | SECTION:  **SECT. R MAG. 3** |
| JESSIE MUNCH | * | VIOLATION: 18 U.S.C. § 1343 |

* * *

The United States Attorney charges:

## COUNT 1

A.  **AT ALL TIMES MATERIAL HEREIN**:

1. The defendant, **JESSIE MUNCH**, (hereinafter referred to as **MUNCH**) was employed by a local air conditioning and heating company, from June 2001 through March 2005.

2. The company is located in New Orleans, Louisiana and provides air conditioning and heating services to customers.

3. **MUNCH**'s duties included handling payroll, answering telephones, handling billing, reconciling accounts payable and receivable, collections, paying vendors, as well as paying payroll taxes for the company.

1

Fee U.S.A.
___ Process_____
X   Dktd_____
___ CtRmDep_____
___ Doc. No._____

4.   **MUNCH** also had check writing authority, although not check signing authority. The owner of the company would pre-sign checks to enable her to efficiently perform her duties without her having to get checks signed several times per day.

5.   After writing a check to a vendor or to pay payroll taxes, **MUNCH** was supposed to accurately record the information into the company's books, as well as into the company's computer system. This included inputting the vendor name, check number, amount of the check, as well as the invoice number associated with the particular job.

6.   The company also employed an accountant that was located in South Carolina. **MUNCH** was to provide the accountant with the company's financial records in order for the accountant to properly reconcile and account for the corporate records, including accounts payable and receivable, as well as payroll taxes.

7.   **MUNCH** frequently sent financial information to the accountant to allow him to perform his duties. **MUNCH** would send discs containing the company's financial information to the accountant via the United States mail as well as from the company's fax machine.

8.   The accountant relied on the information provided by **MUNCH** in order to properly reconcile the company's financial records. After the accountant finished his analysis and made the requisite corrections to the company's financial records, he would mail the corrected discs from South Carolina back to the company in New Orleans. **MUNCH** would then access the company's computer system and correct the entries.

B.   **THE SCHEME TO DEFRAUD**

On or about June 2001, and continuing until on or about March 2005, in the Eastern District of Louisiana, the defendant **MUNCH**, did knowingly and willfully devise and intend to devise a

scheme and artifice to defraud her employer and to obtain money and property by means of false pretenses, promises and representations by stealing company checks and making them payable to herself, in order to convert the company's money to her own personal use. **MUNCH** embezzled more than $285,000 using this scheme and artifice to defraud in order to fund her gambling habit.

It was further a part of the scheme and artifice to defraud that when **MUNCH** was placed into a position of trust as bookkeeper, and was given signed blank checks to pay bills and payroll taxes, she started devising ways to siphon money from the company.

It was further a part of the scheme and artifice to defraud that **MUNCH** would then make checks payable to herself, knowing that she received a salary and was not entitled to pay herself additional funds.

It was further a part of the scheme and artifice to defraud that when **MUNCH** made these checks payable to herself, she had to then conceal this in the company books. She accomplished this by placing looseleaf paper over carbon paper, and writing in a vendor's name, which would then transfer the purported handwritten vendor name onto the company books, thus giving the appearance that the payments went to someone other than herself. She would also enter the check amount into the company books and computer as if she had paid a vendor, or federal payroll taxes, when in fact she had not.

It was further a part of the scheme and artifice to defraud that **MUNCH** would also enter false invoice numbers onto the company books and computer system for these corresponding checks that she made payable to herself without company authorization.

It was further a part of the scheme and artifice to defraud that **MUNCH** would then deposit these stolen checks into her personal bank accounts.

It was further a part of the scheme and artifice to defraud that these actions were taken in an attempt to give the appearance of having the accounts balanced, as the amounts on the books and in the computer would match, even though these vendors or the payroll taxes had really not been paid any money.

It was further a part of the scheme and artifice to defraud that **MUNCH** would receive the monthly banking statements and was able to remove the cancelled checks with her name as the payee, in order to conceal her scheme.

It was further a part of the scheme and artifice to defraud that the fraudulent information that **MUNCH** recorded into the company's books and computer, was then regularly placed onto the aforementioned discs, to be used by the company accountant.

It was further a part of the scheme and artifice to defraud that **MUNCH** would take the discs and/or financial information retrieved from the computer and/or the company books and place the items into the United States mail or send the items from the company's fax machine in New Orleans, Louisiana to the accountant, who was located in South Carolina.

It was further a part of the scheme and artifice to defraud that **MUNCH** knew that by sending the accountant this fraudulent information, he would rely on the provided information when sorting out the company's finances. This would enable **MUNCH** to further conceal and continue her fraudulent activity, even though she knew that the stealing of company funds and manipulation of company finances would affect any corporate tax returns, and would eventually subject the company to penalties and interest by her not paying all company payroll taxes due.

It was further a part of the scheme and artifice to defraud that **MUNCH** also used the company's bank accounts to wire money to pay off bills owed to her personal creditors.

C. **THE EXECUTION OF THE SCHEME AND WIRE TRANSMISSION**

On or about January 14, 2005, in the Eastern District of Louisiana and elsewhere, the defendant, **MUNCH**, for the purpose of executing and attempting to execute the scheme and artifice to defraud and for obtaining money, knowingly transmitted and caused to be transmitted in interstate commerce from Louisiana to South Carolina, by means of a wire communication, certain signs, signals, and sounds, that is, a fax which indicated the dates and amounts of payroll taxes that were purportedly paid in the 2004 tax year, when in truth and in fact, as **MUNCH** well knew, the amounts were fraudulent and portions had been taken by her and converted to her personal use, and the fraudulent wire transaction was necessary to hide the scheme from the company's accountant who was working on behalf of the company; all in violation of Title 18, United States Code, Section 1343.

## NOTICE OF WIRE FRAUD FORFEITURE

1. The allegations of Count 1 of this Bill of Information are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1343 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461.

2. As a result of the offenses alleged in Count 1, the defendant, **MUNCH**, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 1343 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461, any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, 1343, including but not limited to:

No. _____

# United States District Court
## FOR THE
EASTERN _____ DISTRICT OF ____ LOUISIANA _____

UNITED STATES OF AMERICA

vs.

JESSIE MUNCH

BILL OF INFORMATION FOR WIRE FRAUD

Violation(s): 18 U.S.C. § 1343

_____, 20 09 _____

Filed _____, Clerk.

By _____, Deputy

*signature*

JON M. MAESTRI
Assistant United States Attorney